NOT FOR PUBLICATION                                                                                             **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

TROY A. HUTTON,

        Plaintiff,              Civil Action No. 13-0999 (SRC)

        v.

STEPHEN VAN JURA, et al.,              **OPINION**
                                                        **APPLIES TO ALL ACTIONS**
        Defendants.

---

TROY HUTTON,

        Plaintiff,              Civil Action No. 13-1000 (SRC)

        v.

CLIFTON POLICE, et al.,

        Defendants.

---

TROY HUTTON,

        Plaintiff,              Civil Action No. 13-2747 (SRC)

        v.

EVAN L. FEIBUSCH, M.D., et al.,

        Defendants.

---

continued . . .

. . . continued
_____
                                                :
TROY HUTTON,
                                                :
        Plaintiff,                       Civil Action No. 13-3779 (SRC)
                                                :
        v.
                                                :
PASSIAC MENTAL HEALTH, et al.,
                                                :
        Defendants.
_____:
                                                :
TROY A. HUTTON,
                                                :
        Plaintiff,                       Civil Action No. 13-5130 (SRC)
                                                :
        v.
                                                :
DOWNTOWN PHARMACY,
                                                :
        Defendant.
_____:
                                                :
TROY HUTTON,
                                                :
        Plaintiff,                       Civil Action No. 13-4371 (SRC)
                                                :
        v.
                                                :
MUKESH RANA, et al.,                          **OPINION**
                                                :                    **APPLIES TO ALL ACTIONS**
        Defendants.
_____

**CHESLER, District Judge:**

      On February 7, 2013, Plaintiff submitted a civil complaint accompanied by his affidavit of poverty but not his six-month prison account statement. That submission gave rise to <u>Hutton v. Van Jura</u> ("<u>Hutton-I</u>"), Civil Action No. 13-0999 (SRC). This Court denied Plaintiff's <u>in forma pauperis</u> application without prejudice and explained that, to qualify for <u>in forma pauperis</u>

status, he had to submit his certified six-month prison account statement.  See id. ECF No. 2.  In response, Plaintiff resubmitted his affidavit of poverty and accompanied it with a letter ("Letter-I") stating that the prison officials were "sour and sarcastic."  Id., ECF No. 4, at 3.  The letter closed with Plaintiff's recommendation to the Clerk to obtain Plaintiff's prison account statement on the Clerk's own and to make "as many copies as [the Clerk might] need."  Id.

Simultaneously, Plaintiff submitted another civil complaint accompanied only by his affidavit of poverty.  That submission gave rise to Hutton v. Clifton Police ("Hutton-II"), Civil Action No. 13-1000 (SRC).  When this Court re-explained that he had to submit his certified six-month prison account statement, see id. ECF No. 2, Plaintiff resubmitted his affidavit of poverty and added another letter ("Letter-II") elaborating on his Hutton-II claims.  See id., ECF No. 3.

Two and a half months later, he submitted another civil complaint accompanied only by his affidavit of poverty.  That submission gave rise to Hutton v. Feibush ("Hutton-III"), Civil Action No. 13-2747 (SRC).  When this Court re-explained that he had to submit his account statement, see id. ECF No. 2, Plaintiff resubmitting his affidavit of poverty and copies of his Letter-I and Letter-II.  See id., ECF No. 3.  His prison account statement was never filed.

After another two months passed by, he submitted one more civil complaint accompanied only by his affidavit of poverty.  See Hutton v. Passiac Mental Health ("Hutton-IV"), Civil Action No. 13-3779 (SRC).  Five days later, he submitted another complaint, again accompanied only by his affidavit of poverty.  See Hutton v. Downtown Pharmacy ("Hutton-V"), Civil Action No. 13-3886 (SRC).  After this Court re-explained, once again, that he had to submit his prison account statement, see id. ECF No. 2, Plaintiff abandoned Hutton-V.  Nonetheless, three weeks later, he submitted yet another civil complaint accompanied only by his affidavit of poverty.  See Hutton v. Rana ("Hutton-VI"), Civil Action No. 13-3886 (SRC).  After this Court re-explained,

again, that Plaintiff had to submit his prison account statement, see id. ECF No. 2, Plaintiff abandoned Hutton-VI.[1]

Since Plaintiff's action in another vicinage of this District was of the same nature, see Hutton v. USDMJ, Civil Action No. 13-0774 (RBK), ECF No. 3 (denying Plaintiff in forma pauperis status in light of his failure to submit his six-month prison account statement), this Court notes its concern with Plaintiff's litigation practices.  However, out of an abundance of caution, this Court will extend Plaintiff's time to seek in forma pauperis status in each above-captioned matter so to ensure his opportunity to litigate his claims, if Plaintiff so desires.[2]

An appropriate Order follows.

                                                   s/ Stanley R. Chesler
                                               **STANLEY R. CHESLER**
                                               **United States District Judge**

Dated:  June 25, 2014

---

[1]  In light of this Court's numerous prior explanations as to the operation of Section 1915(a)(1), repeating the same would be superfluous.  It shall suffice to merely point out that: (a) this Court cannot address Plaintiff's claims on the merits unless he prepays his filing fee or duly obtains in forma pauperis status, see Izquierdo v. State, 2013 U.S. App. LEXIS 15533, at *2-3 and n.1 (3d Cir. July 25, 2013); (b) the Clerk has no obligation to obtain – and will not request – Plaintiff's certified six-month prison account statement; (c) in the event Plaintiff's requests for his account statement have been being continuously denied, Plaintiff might be excused from the requirement if, in lieu of that account statement, he submits his written statement establishing his diligent efforts in obtaining such prison account statement (i.e., Plaintiff must detail the exact nature and the dates of his requests, the names and titles of the officers he approached and the exact responses he received); and (d) Plaintiff's persistent refusal or continuous failure to submit his prison account statement would result in conclusive dismissal for failure to prosecute.

[2]  Plaintiff is reminded that, once a prisoner is granted in forma pauperis status, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  Under Section 1915, a prisoner who, on three or more occasions, has filed an action in a federal district court or on appeal, that was dismissed on the above-listed grounds, may not proceed in forma pauperis "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed.  See 28 U.S.C. § 1915(g); Ball v. Famiglio, 726 F.3d 448 (3d Cir. 2013).  This Court, therefore, urges Plaintiff to select his claims carefully in order to avoid accrual of three strikes.